**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0823n.06

**Nos. 08-5966, 08-6160**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Dec 22, 2009**

LEONARD GREEN, Clerk

JAMES POLEHINKE, ET AL.,                                 )
                                                         )
    Plaintiffs-Appellants,                              )          ON APPEAL FROM THE
                                                         )          UNITED STATES DISTRICT
    v.                                                  )          COURT FOR THE EASTERN
                                                         )          DISTRICT OF KENTUCKY
JEPPESEN-SANDERSON, INC.,                                )
                                                         )
    Defendant-Appellee.                                 )
                                                         )

BEFORE:  BATCHELDER, Chief Judge, and GRIFFIN, Circuit Judge, and TARNOW, District Judge.[*]

TARNOW, District Judge.

James Polehinke and the estates of Jeffrey Clay and Kelly Heyer, along with Intervenor The Insurance Company of the State of Pennsylvania, appeal the district court's grant of Defendant Jeppesen-Sanderson Inc.'s summary judgment motion and the denial of Plaintiffs' motion for reconsideration.  Plaintiffs argue that the district court erred in granting summary judgment because there is a genuine issue of material fact as to whether the chart Defendant manufactured was a proximate cause of the crash of Comair Flight 5191 on August 27, 2006.

I.

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

Comair Flight 5191 was scheduled to depart from Blue Grass Airport (LEX) in Lexington, Kentucky at approximately 6:00 a.m. on August 27, 2006. Jeffrey Clay was the pilot of the plane, while James Polehinke served as First Officer and Kelly Heyer served as a flight attendant. LEX had two operating runways, Runway 22 and Runway 26. On the morning of the accident, the airport was in the midst of a three year construction project to create six-hundred foot overrun areas at each end of Runway 22. Prior to the construction project, the established taxi route for planes going from the terminal to Runway 22 was for the aircrafts to follow Taxiway A (Alpha) past the threshold of Runway 26 until reaching the threshold of Runway 22. On August 20, 2006, this route was altered as a result of construction. Taxiway A was barricaded north of Runway 22 and planes were rerouted to take an alternate taxiway to reach Runway 22 from Runway 26.

In preparing for takeoff, Captain Clay stopped the airplane at the holding position, also known as the "short line," for Runway 26, rather than Runway 22, and it remained there for about fifty seconds. The plane then attempted to take off on Runway 26, which was only 3,500 feet long, and became airborne but struck a berm and other obstacles before crashing not far from the end of Runway 26. Captain Clay, Kelly Heyer, and all forty-seven passengers were killed; First Officer Polehinke, the sole survivor, was seriously injured.

II.

Jeppesen-Sanderson, Inc., a Delaware corporation doing business in Kentucky, is engaged in the design, manufacturing, distribution, and sale of aeronautical navigational charts. The charts may be utilized to obtain runway information such as length and takeoff distances as well as runway configurations and taxiway configurations. On the date of the accident, the crew for Flight 5191 had

- 2 -

the most recent Jeppesen chart for LEX, which was dated January 2006. This chart showed the prior configuration of the taxiways, not indicating that Taxiway A north of Runway 26 had been closed. The chart available to the Flight 5191 crew *did* indicate that Runway 26 had to be crossed in order to reach Runway 22. Jeppesen had received information from the National Flight Data Center on June 23, 2006 containing information regarding the changes at LEX but due to a computer error, this information was not properly entered into Jeppesen's system and an updated chart was not produced. However, the modified chart, which was eventually published after the error was realized, did not indicate the closure of the original Taxiway A; rather, it indicated what the final configuration would be when construction was completed (a new taxiway, A-7, would be utilized to reach Runway 22 from Runway 26).

### III.

James Polehinke and the estates of Jeffrey Clay and Kelly Heyer, with The Insurance Company of the State of Pennsylvania intervening, filed complaints in the Eastern District of Kentucky alleging, inter alia, that Jeppesen was negligent in providing incorrect charts to Comair. Jeppesen subsequently filed a motion for summary judgment, which the district court granted after concluding that since there was no evidence that the chart misled the pilots, Plaintiffs' theory of causation was predicated solely on speculation as to potential causes of the crash. Plaintiffs were unable to demonstrate that the Jeppesen chart was a probable cause of the crash. Plaintiffs then filed a motion to reconsider based on newly discovered evidence which they alleged rebutted the court's basis for granting summary judgment. The district court denied that motion, finding that Plaintiffs still failed to demonstrate that the Jeppesen chart misled the pilots and was a proximate cause of the crash.

IV.

Having heard oral argument and reviewed the briefs and records in these cases, we are persuaded that the district court's grant of Defendant's summary judgment motion and denial of Plaintiffs' motion for reconsideration were proper for the reasons stated in the court's June 27, 2008 and August 7, 2008 opinions. Accordingly, we adopt the district court's opinions and affirm those judgments. *See In re Air Crash at Lexington, Ky., August 27, 2006*, 2008 WL 2704155 (E.D. Ky. June 27, 2008); *In re Air Crash at Lexington, Ky., August 27, 2006*, 2008 WL 3285894 (E.D. Ky. August 7, 2008).